FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2024 AUG 12 PM 2: 21

TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Civil Action
Number 24-A-07091-9

Ian Bruce

**Plaintiff**

VS.

Happy Money Inc

Defendant

## SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Ian Bruce
#1267
267 Langley Dr
Lawrenceville Ga  30046

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 12th day of August, 2024

Tiana P. Garner,
Clerk of Superior Court

By: _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 2011

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
24-A-07091-9
9/8/2024 8:38 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

|  |  |
|---|---|
| **Ian Bruce, Petitioner,** | **Civil Action File No.** |
| v. | |
| **Happy Money Inc., Defendant.** | <u>**24-A-07091-9**</u> |

## AMENDED PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF

### INTRODUCTION OF THE PARTIES

1.    **Ian Bruce,** hereinafter referred to as "Petitioner," hereby submits this Amended Petition to correct an error regarding the date of a lawsuit referenced in the original petition and to provide additional clarification and relevant context to other statements. Petitioner, a native of California, is a private citizen currently residing in Lawrenceville, Gwinnett County, Georgia. **Happy Money, Inc.,** hereinafter referred to as "Defendant," is a for-profit corporation, a debt collector as defined under the Fair Debt Collection Practices Act (FDCPA), a furnisher as defined under the Fair Credit Reporting Act (FCRA), and a Credit Services Organization (CSO) as defined under the California Code, conducting business in Lawrenceville, Gwinnett County, Georgia.

2.    This action arises from Defendant's unauthorized reporting of Petitioner's personal and financial information to Consumer Reporting Agencies, which continues to infringe on Petitioner's right to privacy, quiet enjoyment of personal property and the

right to be left alone. Petitioner seeks injunctive relief, declaratory relief, and other equitable remedies to prevent further violations and to correct the harm already caused.

## JURISDICTION.

3.      Petitioner brings this matter before and files this petition under the equitable jurisdiction of this Honorable Court pursuant to O.C.G.A. § 23-1-3, seeking injunctive relief to prevent the unlawful reporting of information to his credit file by Defendant, as he has found no adequate remedy at law despite diligent efforts.

4.      Petitioner is a resident of Lawrenceville, Georgia. Defendant has its principal place of business in Los Angeles, California, but is authorized to do business in Georgia and has a registered agent located at 279 W. Crogan St., Lawrenceville, GA, 30046, USA, in Gwinnett County. The actions giving rise to this petition have caused harm within the jurisdiction of this Court, making this the proper venue for adjudication.

## STATEMENT OF FACTS

5.      Defendant, without proper authority or consent from Petitioner, is currently publishing unauthorized reports about Petitioner to Petitioner's credit file through several Consumer Reporting Agencies (CRAs).

6.      The information in a credit file is classified as *nonpublic personal information*, also known as *Personally Identifiable Financial Information* (PIFI). This includes any data obtained by a financial institution from an individual, such as account balance information and payment history, as defined under the Gramm Leach Bliley Act [ 16 CFR § 313.3(o)(2) ].

7.    Despite multiple requests, Defendant has refused to cease these unauthorized reports.

### [Petitioner Has No Legal Obligations Towards Defendant]

8.    Petitioner is not currently under any legal liability to Defendant for any sums of money whatsoever.

9.    Petitioner has never signed a promissory note or any credit agreement which would obligate Petitioner to pay Defendant any sum of money over time in consideration for a loan or an extension of credit received by the Petitioner from Defendant.

10.    There exists no agreement between Petitioner and Defendant which grants Defendant absolute authority to make reports about Petitioner to consumer reporting agencies.

11.    Petitioner has no knowledge of, nor has he been given notice by Defendant of any lawful "debtor and creditor" relationship that exists between Petitioner and the Defendant.

12.    Petitioner asserts that, in the absence of any valid, executed contract between the parties, Defendant has no equitable right to assert a claim against Petitioner or report Petitioner's personal information to consumer reporting agencies. Equity does not permit the enforcement of obligations that have no lawful or just basis. The lack of any such agreement underscores Defendant's wrongful conduct in continuing to act as though a debt or obligation exists, despite the absence of a lawful contract. By reporting Petitioner's information under the pretense of a nonexistent obligation, Defendant has unjustly enriched itself and caused ongoing harm to Petitioner, warranting the intervention of this Court to correct the inequity.

**[Petitioner has a right to enjoyment of privacy and personal property]**

13.    Petitioner asserts that all information pertaining to him, *including personal, financial, transactional or otherwise*, is his personal property and that any public use or distribution of his personal property without express written consent, compensation or possession of title to the property is a violation and deprivation of the right of privacy and quiet enjoyment of property.

14.    Petitioner believes the assertion above is supported by several current legislative Acts (Acts) aimed to protect, including but not limited to;

 a.    the FCRA which explicitly mentions the right of privacy in the first section [ 15 U.S. Code § 1681(a)(4) ] and the intent to respect said privacy;

 b.    the Gramm Leach Bliley Act which, again, mentions, within the first section, the intent to protect the privacy of individuals whose information, specifically *nonpublic personal information*, may be in the custody of a financial institution .

**[Equity Regards Substance and Not Form]**

15.    Petitioner asserts that while the aforementioned Acts may be legal in nature and form, the intent and spirit of the Acts are to protect the individual's inherent and equitable right to privacy and quiet enjoyment of personal property.

16.    Defendant does not hold legal or equitable title to Petitioner's estate or any of his property and has no authorization by any beneficiary, trustee, executor or any other

authorized person to use or distribute any of Petitioner's personal property to any 3rd parties.

**[Defendant's Legal Obligations And Duties Toward Petitioner Under The FCRA]**

17.    Based on Defendant's corporate status and nature of business, their conduct and operation in commerce is subject to the restrictions of certain legislative acts which include, but are not limited to the FDCPA, FCRA, and certain California codes.

18.    By these Acts, the Defendant owes specific duties to the Petitioner, including respecting privacy and ensuring fair and equitable treatment.

19.    Under the FCRA, the Defendant, as a furnisher of credit information, has an obligation to report *accurate* information to CRAs.

20.    The definition of *'accuracy'* is provided in the FCRA under Subpart E of Regulation V (12 C.F.R. § 1022.41(a)(1)), titled 'Duties of Furnishers of Information.' According to the regulation, *'accuracy' means that the information a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer correctly\*\*\*reflects the terms and liability for that account or relationship.*

21.    Petitioner has in the past disputed the accuracy of the information being reported to his credit file by Defendant to both the Consumer Reporting Agencies and the Defendant directly on the basis that the reporting does not reflect accuracy as it is defined.

22.    At the time these accuracy disputes were made, Defendant was classified as a "Credit Services Organization" (CSO) [See Exhibit A].

23.    Pursuant to California Civil Code Section 1789.13(p), a CSO *'cannot directly or indirectly extend credit to a consumer.'* Therefore, it would have been both impossible

and illegal for the Defendant to extend credit to the Petitioner as claimed in their reporting to CRAs.

**[Defendant's Legal Obligations And Duties Toward Petitioner Under The FDCPA]**

24.     Under the FDCPA, "communication" means *the conveying of information regarding a debt directly or indirectly to any person through any medium.*

25.     Based on the definition and relevant case law, Petitioner asserts that credit reporting constitutes communication under the FDCPA. This is because it involves conveying information about a debt directly to CRAs and indirectly to the individual through their credit files and reports.

26.     Petitioner asserts that credit reporting constitutes 'communication' under the FDCPA, based on the definition of 'communication' and relevant case law. The courts have consistently held that the term 'communication' under the FDCPA is to be interpreted broadly. In *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006), the court determined that even a voicemail left by a debt collector constitutes a communication under the FDCPA, as it conveys information regarding a debt to a third party. Similarly, in *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337 (7th Cir. 2018), the court emphasized that the FDCPA encompasses any conveying of information regarding a debt, whether directly or indirectly, through any medium. Specific to credit reporting, the court in *Edeh v. Midland Credit Management, Inc.*, 748 F. Supp. 2d 1030 (D. Minn. 2010), held that reporting a debt to a credit reporting agency is indeed a communication under the FDCPA, as it conveys information about the debt to a third party. Furthermore, in *Daley v. A & S Collection Associates, Inc.*, 717 F. Supp. 2d 1150 (D. Or. 2010), the court reinforced this principle by holding that the act of reporting

a debt to a credit reporting agency qualifies as a communication under the FDCPA. Therefore, the credit reporting by the Defendant in this case falls squarely within the FDCPA's definition of *'communication,'* as it involves the transmission of information regarding a debt to third parties, namely credit reporting agencies.

27.    Petitioner has in the past delivered a request for a cease and desist (C&D) pursuant to U.S. Code Title 15 section 1692c(c), which mandates that a debt collector cease all communication with an individual if the individual makes that request.

28.    The C&D was acknowledged by Defendant in open court and through the CFPB [See Exhibit B].

### [No Remedy At Law]

29.    On or around December 2023, Petitioner, believing that he had exhausted all efforts to find a remedy, initiated a small claims lawsuit in Long Beach, California against Defendant in an effort to compel the Defendant to cease all consumer credit reporting [Case # 23LBSC01353].

30.    According to the California Small Claims Court Bench Guide section 34.21, a court will not take jurisdiction in the instance of hearing claims for equitable relief in the absence of a claim for money damages. Therefore, Petitioner sought both monetary damages and equitable relief in the case mentioned above [See Exhibit C].

31.    Defendant did not file a countersuit, despite their conduct being that of a party who believes they are owed money. In equity, such inaction further undermines any claim Defendant might assert regarding the existence of a valid debt. If Defendant truly believed a lawful obligation existed, it would have sought a remedy through proper legal channels. Instead, Defendant's continued actions, without pursuing a countersuit or any

legal confirmation of the alleged debt, reflect a disregard for equitable principles and further emphasize the unjust nature of their conduct..

32.    Despite providing what Petitioner believed to be necessary definitions, laws, and exhibits, and despite Defendant admitting to violating the Cease and Desist in open court, the presiding Judge ruled in favor of Defendant, stating "Defendant Happy Money Inc does not owe the Petitioner Ian Bruce any money on Petitioner's claim".

33.    The presiding Judge did not address the equitable relief sought in Petitioner's claim.

CAUSE OF ACTION

34.    Ian Bruce, Petitioner, brings this action for an injunction against Happy Money, Inc. (Defendant), Defendant, based on the following grounds:

35.    **Rights Infringed**: Petitioner has both the right to accurate and fair credit reporting under the Fair Credit Reporting Act (FCRA) and the right to privacy, including the choice not to participate in credit reporting. The right to privacy is not conferred by statutes; rather, the statutes serve as a recognition and reminder of this pre-existing right. Petitioner also has the right under the Fair Debt Collection Practices Act (FDCPA) to be free from harassment by debt collectors, a right which Defendant is currently violating. Furthermore, under the principle that "He who creates a thing owns it," Petitioner asserts ownership of all accounts and information derived from his name. The unauthorized distribution of Petitioner's personal information to third parties constitutes an infringement of Petitioner's privacy and his right to the quiet enjoyment of his property.

36.    **Defendant's Actions Contrary to Equity**: As a corporation, Defendant is legally obligated to adhere strictly to the legislative Acts governing its operations, particularly

those concerning fairness, such as the FCRA and FDCPA. Defendant's failure to comply with these obligations has resulted in inequity. In accordance with the maxims *'Equity follows the law'* and *'Equity regards as done what ought to be done,'* Petitioner seeks equitable relief compelling Defendant to fulfill its legal obligations.

37.    **Injury**: As a result of Defendant's actions, Petitioner has suffered and continues to suffer significant harm to his creditworthiness, which has adversely affected his ability to secure essential needs, including housing. Monetary damages alone are insufficient to remedy this ongoing harm, and therefore, Petitioner seeks injunctive relief to prevent further violations and to correct the harm done.

PRAYER FOR RELIEF

38.    WHEREFORE, Petitioner prays for the following relief:

   a. Injunctive relief via an order directing Defendant to immediately cease reporting any further information to Petitioner's credit file, and to delete any accounts or information currently being reported by Defendant to any Consumer Reporting Agencies or similar entities regarding Petitioner.

   b. A declaration that all information related to Petitioner's credit file is the property of the Petitioner, and that Defendant holds no legal or equitable ownership of said information.

   c. An order granting summary judgment in favor of Petitioner, should the Court find that no genuine issues of material fact exist.

   d. An award of restitution to Petitioner for the costs incurred in bringing this action.

e.  Any other relief that this Court deems just and proper under the

circumstances.

**I declare under penalty of perjury under the laws of the United States of America**

**that the foregoing is true and correct. Executed on the eighth day of September, two**

**thousand twenty-four.**

**Respectfully submitted,**

Ian Bruce, Petitioner

EXHIBIT A:
Evidence of Happy Money
Inc registered as a
Credit Services Organization

EXHIBIT

Happy Money and Michigan State University Federal Credit Union team up to bring you a  ✕
happier way to increase your savings. Learn more



# Licenses

A   C   D   F   H   I   K   L   M   N   O   P   R   S   T   U   V   W

## Alabama                                                    Expand +

## Alaska                                                     Expand +

## Arizona

Expand +

## Arkansas

Expand +

## California

Collapse -

Credit Services Organization Registration

License#: N/A

EXHIBIT B:
Evidence of Happy Money
Inc acknowledging that they've
recieved a Cease and Desist

 **Happy Money**®

Happy Money, Inc.
21515 Hawthorne Blvd, Suite 200
Torrance, CA 90503

July 24, 2023

Re: Consumer Financial Protection Bureau (CFPB) Complaint ID# 230711-11504996

Dear Ian Bruce,

We are writing to follow up on the complaint you submitted to the CFPB on July 11, 2023. We appreciate the opportunity to respond to your concerns regarding your experience with the Payoff loan by Happy Money.

Our records indicate that Happy Money received your cease and desist request on July 6, 2023 via mail. The cease & desist request was processed and completed on your account on July, 14, 2023. Please be advised that during this process, we will cease all activities or actions that you have specified in your cease and desist letter.

If you have any additional comments or questions, please don't hesitate to reach out to us. You can call us at 1-800-878-0901 between 6:00 AM-6:00 PM Monday-Friday PT or Saturdays from 6:00 AM-2:30 PM PT or email us directly at success@happymoney.com.

Regards,


The Payoff Team at Happy Money

EXHIBIT C:
CA small claims takes
no jurisdiction over equitable claims
absent monetary claims

### 3. [§34.21] Lack of Jurisdiction

The court must dismiss any case in which it does not have jurisdiction. A small claims court has no jurisdiction to hear cases in which the amount claimed exceeds the jurisdictional limit unless the plaintiff waives the amount in excess of the limit (see §34.10), nor is there jurisdiction if the claim amount exceeds $2500 and the plaintiff has filed two claims for more than $2500 in the previous calendar year (see §34.14). In addition, there is no jurisdiction in the following instances:

- Hearing unlawful detainer proceedings. See CCP §116.220.

- Enforcing child support orders. *Marriage of Lackey* (1983) 143 CA3d 698, 702–703, 191 CR 309.

- Enforcing conditions from a marital dissolution proceeding (*e.g.*, a condition in a dissolution agreement to pay the loan of a spouse). See 143 CA3d at 702.

- Hearing workers' compensation claims. *Workmen's Comp. Appeals Bd. v Small Claims Court* (1973) 35 CA3d 643, 647, 111 CR 6.

- Hearing claims for equitable relief in the absence of a claim for money damages. See CCP §116.220(a)–(b).

- Issuing prejudgment attachments. CCP §116.140(b).

- Hearing a claim filed or maintained by an assignee of the claim. CCP §116.420(a).

E-FILED IN OFFICE - BW
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
24-A-07091-9
8/9/2024 3:28 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** Gwinnett Superior Court **County**

| For Clerk Use Only | |
| --- | --- |
| Date Filed _____ <br> MM-DD-YYYY | Case Number 24-A-07091-9 <br> Case Number _____ |

**Plaintiff(s)**
Ian Bruce

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Happy Money Inc

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☒

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number      _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20