IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IAN BRUCE,
   Plaintiff,

               v.

HAPPY MONEY, INC.,
   Defendant.

Civil Action No.
1:24-cv-05027-SDG

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Ian Bruce's "Motion to lift stay, for leave to file amended complaint, and for sanctions" [ECF 26]. The Motion is **DENIED**.

**I.    Background**

This is a consumer case brought by Bruce, proceeding *pro se*, against Defendant Happy Money, Inc.[1] Bruce alleges that Happy Money reported, without authorization, his personal and financial information to Consumer Reporting Agencies in violation of the Fair Credit Reporting Act and Fair Debt Collection Practices Act.[2] On April 2, 2025, the Court granted Happy Money's motion to compel arbitration and administratively closed the case while arbitration was ongoing.[3] On June 4, the Court ordered Bruce to serve Happy

---

[1]    ECF 1-1.

[2]    *Id.* ¶ 2.

[3]    ECF 21, at 2.

1

Money with a demand for arbitration,[4] and Bruce did so on July 1.[5] Happy Money was required to pay its portion of the arbitration fees to the American Arbitration Association (AAA) by August 11.[6]

In between that time, the parties exchanged multiple emails negotiating settlement terms.[7] On August 8, 2025, Happy Money's attorney emailed Bruce a settlement offer with specific terms, adding in closing that "if these terms are acceptable, [Happy Money] will prepare a draft settlement agreement for your review."[8] Bruce responded later that evening, stating "We can settle here. You can prepare the agreement and I'll review it as soon as possible."[9]

On the understanding that the parties had reached a settlement agreement, Happy Money did not pay the arbitration fees to the AAA by the August 11 deadline.[10] On August 21, Bruce emailed Happy Money a notice of motion to lift the stay,[11] asserting Happy Money's nonpayment of the arbitration fees as the

---

[4]   ECF 23.

[5]   ECF 24.

[6]   ECF 26, ¶ 4.

[7]   *See* ECFs 27-1, 27-2, and 27-3; ECF 29-1.

[8]   ECF 27-2; ECF 29-1, at 9–10.

[9]   ECF 27-2, at 1; ECF 29-1 at 9.

[10]   ECF 26, ¶ 4; ECF 27, at 2–3.

[11]   ECF 27-1, at 4; ECF 29-1, 9.

reason for its motion.[12] In an email on August 25, Bruce alleged that Happy Money was in "procedural default" for not paying the arbitration fees, and he asserted that the draft agreement Happy Money circulated "contains material terms to which [he does not] agree to"; he then proposed a new, higher settlement offer.[13] In an email later that day, Bruce stated that while the parties "had a deal on August 8th (in principle)," failure to pay the arbitration fee "killed the whole process [they] were in . . . the deal [they] discussed is off the table, and [they] are no longer bound by it."[14]

Also on August 25, Bruce filed the instant Motion, seeking a lift of the stay, leave to amend, and sanctions against Happy Money.[15] In his request for sanctions, Bruce alleges that Happy Money has engaged in "bad-faith litigation conduct," by compelling him into arbitration and then causing the termination of arbitration.[16] He again asserts that the parties "had reached a settlement agreement in principle" but that they had only an "informal agreement."[17]

---

[12]   ECF 27-1, at 3; ECF 29-1, at 7–8.

[13]   ECF 27-1, at 2; ECF 29-1, at 7.

[14]   ECF 27-1, at 1; ECF 29-1, at 6.

[15]   ECF 26.

[16]   *Id.* at 3–4.

[17]   *Id.* at 2–4.

## II.    Discussion

Bruce's Motion is denied in its entirety. Bruce and Happy Money appear to have a settlement agreement that was formed prior to Happy Money's deadline to pay the arbitration fees. Bruce has failed to show reason why the stay should be lifted and therefore he is precluded from filing an amended complaint. He has also failed to show bad faith on behalf of Happy Money that would necessitate sanctions.

"A district court may lift a stay if the applicant for the stay has defaulted in the arbitration." *Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 932 (11th Cir. 2019). To determine whether a party has waived its right to arbitrate, courts ask whether, "under the totality of the circumstances," the party "has acted inconsistently with the arbitration right." *Ivax Corp. v. B. Braun of Am. Inc.*, 286 F.3d 1309, 1315 (11th Cir.2002), *abrogated in part by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022) (prohibiting federal courts from requiring a showing of prejudice in determining whether a party has waived its right to arbitrate). Whether a party has waived arbitration depends on the facts of each case. *Fed. Nat'l Mortg. Ass'n v. Prowant*, 209 F. Supp. 3d 1295, 1306 (N.D. Ga. 2016) (citing *Grigsby & Assocs., Inc. v. M Sec. Inv.*, 635 F. App'x 728, 731 (11th Cir. 2015)). The party arguing waiver "bears a heavy burden of proof." *Id.* (quoting *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011)).

Bruce has not carried his burden to show that Happy Money waived its right to arbitrate. Throughout their settlement negotiations, Bruce made clear that he would voluntarily withdraw his arbitration demand if he and Happy Money reached an agreement before the August 11 deadline to pay the arbitration fee.[18] The parties reached a settlement agreement on August 8.[19]

An alleged settlement of a pending lawsuit in Georgia is governed by the rules of contract construction. *Tekin v. Whiddon*, 233 Ga. App. 645, 648 (1998). Under Georgia law, a valid contract requires four things: "(1) parties able to contract, (2) consideration, (3) definite subject matter, and (4) 'the assent of the parties to the terms of the contract.'" *APAC-Southeast, Inc. v. Coastal Caisson Corp.*, 514 F.Supp.2d 1373, 1380 (N.D. Ga. 2007) (quoting O.C.G.A. § 13-3-1).  All essential elements of the contract must be certain. *Graham v. HHC St. Simons, Inc.*, 322 Ga. App. 693, 695 (2013). To determine if the parties had the necessary mutual assent, "courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable [person] in the position of the other contracting party would ascribe to the first party's manifestations of assent." *Id.* (citing *Cox Broad. Corp. v. Nat'l Collegiate Athletic Ass'n*, 250 Ga. 391, 395 (1982)).

---

18    *See, e.g.*, ECF 27-3; ECF 29-1, at 11, 13 ("If we cannot reach an agreement, then I expect Happy Money to participate in the arbitration process by the August 11 deadline.").

19    ECF 27-2; ECF 29-1, at 9–10.

Here, Happy Money sent an offer specifying definite terms, including the monetary amount it would pay, how that would be paid, and the claims to be released. Viewed objectively, the parties mutually assented to these terms. Happy Money ended its offer email by saying, "If these terms are acceptable, we will prepare a draft settlement agreement for your review," and Bruce responded with "We can settle here. You can prepare the agreement and I'll review it as soon as possible."[20] A reasonable person in Happy Money's position would likely understand Bruce's email to be an acceptance. *Graham*, 322 Ga. App. at 695; *see also Hansen v. Doan*, 320 Ga.App. 609, 613 (2013) (finding acceptance where the party accepting did not suggest "that she was proposing release terms different or at variance with the ones he had requested").

Happy Money did not act inconsistently with its right to arbitrate Bruce's claims when it declined to pay the AAA fees upon reaching a settlement agreement. Because the parties reached a settlement agreement on all of Bruce's claims, there were no longer any claims to arbitrate when the AAA fees were due.

Accordingly, the Motion [ECF 26] is **DENIED**. Because the parties are not in arbitration, the Court's previous order requiring the filing of a status report every 60 days [ECF 21] is **RESOLVED**; the parties are no longer required to file

---

20   ECF 27-2; ECF 29-1, at 9–10.

status reports. However, the Court will schedule a status conference with the parties by separate order.

**SO ORDERED** this 31st day of March, 2026.

_____
Steven D. Grimberg
United States District Judge
